JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. 5:25-cv-01244-DOC-DTB                    Date: June 3, 2025

Title: Carina Faburrieta v. Ford Motor Company, et al.

---

PRESENT:            THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):   ORDER REMANDING CASE TO STATE COURT SUA SPONTE**

On the Court's own motion, the Court hereby **REMANDS** this case to the Superior Court of California, County of San Bernardino.

**I.    Background**

Plaintiff Carina Faburrieta sued Defendant Ford Motor Company ("Defendant"), Defendant Chino Ford LLC, and Does 1-10 for alleged Violation of the Magnuson-Moss Warranty Act (15 U.S.C. § 2301 *et. seq.*), Violation of California Song-Beverly Act (Cal. Civ. Code § 1790 *et. seq.*), Violation of California Business and Professions Code §§ 17200, *et. seq.*, and Negligence connected to a 2019 Ford Fusion Hybrid. *See generally* Complaint ("Compl.") (Dkt. 1-2).

Plaintiff originally filed suit in the Superior Court of California, County of San Bernardino, on March 7, 2025, and served Defendant on April 21, 2025. Notice of Removal ("Notice" or "Not.") (Dkt. 1), at 2. On May 21, 2025, Defendant removed the action to this Court asserting diversity jurisdiction. *Id*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 5:25-cv-01244-DOC-DTB　　　　　　　　　　　　　　　　Date: June 3, 2025
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

## II.  Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal district courts have subject matter jurisdiction when a case "arises under" federal law, and a case "arises under" federal law where federal law creates the cause of action. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002).

Actions removed based on the Magnuson-Moss Warranty Act do not trigger federal question jurisdiction unless the amount in controversy is equal to or greater than "the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in [the] suit." 15 U.S.C. § 2310(d)(3)(B); *Lopez v. Kia Am., Inc.*, 693 F. Supp. 3d 1063, 1067 (C.D. Cal. 2023) (citing *Khachatryan v. BMW of N. Am., LLC*, Case No. 2:21-cv-01290-PA (PDx), 2021 WL 927266, at *2 (C.D. Cal. Mar. 10, 2021). Courts analyze the amount in controversy under the Magnuson-Moss Act using the same principles as diversity jurisdiction. *Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005).

Since the Magnuson-Moss Act does not specify the appropriate measure and type of damages that are available, "courts, including the Ninth Circuit, have turned to the applicable state law to determine which remedies are available under the Act, which of necessity informs the potential amount in controversy." *Id.* at 1239 (citing *Kelly v. Fleetwood Enters.*, 377 1034, 1039 (9th Cir. 2004)). The applicable state warranty law here is the California Song-Beverly Consumer Warranty Act (Cal. Civ. Code § 1790, *et. seq.*).

"A plaintiff who establishes that a violation of the Song-Beverly Act was willful may recover a civil penalty of up to two time the amount of actual damages." *Estrada v. FC US LLC*, Case No. 2:20-cv-10453-PA (JPRx), 2021 WL 223249, at *3 (C.D. Cal. Jan.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 5:25-cv-01244-DOC-DTB

Date: June 3, 2025

Page 3

21, 2021 (citing Cal. Civ. Code § 1794(c)) (brackets omitted). However, " '[t]he civil penalty . . . cannot simply be assumed.'" *Pennon v. Subaru of Am., Inc.*, Case No. 2:22-cv-03015-SB (RAOx), 2022 WL 2208575, at *2 (C.D. Cal. June 17, 2022) (remanding action where defendant provided no specific argument or evidence for including a civil penalty in the amount in controversy (quoting *Castillo v. FCA USA, LLC*, Case No. 3:19-cv-00151-CAB-MDD, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019)). "To satisfy its burden, the removing party 'must make some effort to justify the assumption by, for example, pointing to allegations in the [c]omplaint suggesting award of a civil penalty would be appropriate, and providing evidence—such as verdicts or judgments from similar cases—regarding the likely amount of the penalty.'" *Id.* (quoting *Zawaideh v. BMW of N. Am., LLC*, Case No. 3:17-cv-02151-W-KSC, 2018 WL 1805103, at *2 (S.D. Cal. Apr. 17, 2018)).

District courts regularly find a plaintiff's boilerplate allegations regarding defendants' willfulness are, without more, insufficient to establish that civil penalties of two times actual damages are not speculative and should be included in the amount in controversy. *See Estrada*, 2021 WL 223249, at *3 (collecting cases and remanding where inclusion of civil penalties to establish amount in controversy was "too speculative and not adequately supported by the facts and evidence"). This is because "[s]imply assuming a civil penalty [will be] award[ed] is inconsistent with the principle that the defendant must provide evidence that it is more likely than not the amount in controversy requirement is satisfied." *Makol v. Jaguar Land Rover N. Am., LLC*, Case No. 5:18-cv-03414-NC, 2018 WL 3194424, at *3 (N.D. Cal. June 28, 2018) (quotation marks omitted); *see also* Zawaideh, 2018 WL 1805103, at *2; Khachatryan, 2021 WL 927266, at *2.

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c). A court may raise the question of subject matter jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

### III. Discussion

Here, Plaintiff does not expressly allege an amount in controversy over $50,000. *See generally* Compl. Accordingly, Defendant must show by a preponderance of the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-01244-DOC-DTBDate: June 3, 2025
Page 4

evidence that the jurisdictional minimum is satisfied. *See Geographic Expeditions, Inc.*, 599 F.3d at 1106-07; *Guglielmino*, 506 F.3d at 699.

Defendant has not met its burden to show that the amount in controversy requirement is satisfied. Plaintiff pleads actual damages of $39,178.08, consequential and incidental damages, restitution, repair costs, civil penalties, attorney's fees, and costs. Not. at 6. Defendant argues that the Complaint states an amount in controversy over $117,534.24 based on actual damages plus civil penalties of two times actual damages. Not. at 4. However, the Court will not include speculative civil penalties or attorneys' fees when calculating the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees *may* be included in the amount in controversy."). Therefore, Defendant has only shown damages of $39,178.08. Because Defendant has not satisfied its burden to show that more than $50,000 is at issue in this case, the Court lacks subject matter jurisdiction.

## IV. Disposition

For the reasons set forth above, the Court hereby **REMANDS** this case to the Superior Court of San Bernardino. Accordingly, the Scheduling Conference set for July 14, 2025 is hereby VACATED.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11Initials of Deputy Clerk: kdu
CIVIL-GEN